UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOTORS INSURANCE CORPORATION,

    Plaintiff,

 v.                                                                Case No. 2:11-cv-10875
                                                                         Hon. Avern Cohn
UNITED STATES OF AMERICA,                 Magistrate Judge Michael J. Hluchaniuk

    Defendant.
_____/

**THE UNITED STATES' MOTION TO DISMISS**

       Defendant, United States of America, by and through its undersigned counsel, moves to dismiss the above-captioned action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction, as the Federal Tort Claims Act does not waive the United States' sovereign immunity for claims that arise from the detention of goods by law enforcement officers.  The grounds for this motion are set forth more specifically in the attached supporting brief.

       Pursuant to Local Rule 7.1(a), counsel for the United States attempted to reach Plaintiff's counsel by telephone multiple times on May 9, 2011, for purposes of seeking concurrence in the relief sought by this motion.  Despite these reasonable efforts, counsel for the United States was unable to conduct a conference.

                                                                                 Respectfully submitted,

                                                                                 TONY WEST
                                                                                 Assistant Attorney General

                                                                                 PHYLLIS J. PYLES
                                                                                 Director, Torts Branch

              JAMES G. TOUHEY
              Assistant Director, Torts Branch

     By:  */s Jamie L. Hoxie*_____
          JAMIE L. HOXIE
          Trial Attorney (NY Reg. No. 4671160)
          Torts Branch, Civil Division
          U.S. Department of Justice
          P.O. Box 888
          Benjamin Franklin Station
          Washington, D.C. 20044
          Telephone: (202) 616-1679
          Fax: (202) 616-5200
          Jamie.L.Hoxie@usdoj.gov

          ANDREW J. LIEVENSE (P68925)
          Assistant U.S. Attorney
          U.S. Attorney's Office
          211 West Fort Street, Suite 2001
          Detroit, MI 48226
          Telephone: (313) 226-9665
          Andrew.Lievense@usdoj.gov

          **COUNSEL FOR DEFENDANT**
Dated: May 9, 2011      **UNITED STATES OF AMERICA**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOTORS INSURANCE CORPORATION,

    Plaintiff,

 v.                                          Case No. 2:11-cv-10875
                                                Hon. Avern Cohn
UNITED STATES OF AMERICA,        Magistrate Judge Michael J. Hluchaniuk

    Defendant.
_____/

**BRIEF IN SUPPORT OF
THE UNITED STATES' MOTION TO DISMISS**

**ISSUE PRESENTED**

WHETHER THE ABOVE-CAPTIONED ACTION MUST BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) BECAUSE THE FEDERAL TORT CLAIMS ACT DOES NOT WAIVE THE UNITED STATES' SOVEREIGN IMMUNITY FOR CLAIMS ARISING FROM THE DETENTION OF GOODS BY LAW ENFORCEMENT OFFICERS.

**TABLE OF CONTENTS**

CONTROLLING OR MOST APPROPRIATE AUTHORITIES ........................................ ii

I.  INTRODUCTION ...............................................................................................................1

II.  FACTUAL BACKGROUND ...........................................................................................1

III.  STANDARD OF REVIEW .............................................................................................2

IV.  ARGUMENT ...................................................................................................................3
    A.  Sovereign Immunity and the FTCA................................................................3
    B.  The Detention-of-Goods Exception Bars Plaintiff's Claims ............................5
        1.  Plaintiff's Claims Arise From the FBI's
           Detention of the Vehicle ..................................................................5
        2.  FBI Agents Are Law Enforcement Officers Under
           Section 2680(c) ................................................................................6

V.  CONCLUSION..................................................................................................................8

CERTIFICATE OF SERVICE ..................................................................................................10

# **CONTROLLING OR MOST APPROPRIATE AUTHORITIES**

**Cases**

*Ali v. Fed. Bureau of Prisons*, 552 U.S. 214 (2008)

*Carlyle v. United States*, 674 F.2d 554 (6th Cir. 1982)

*Cheney v. United States*, 972 F.2d 247 (8th Cir. 1992)

*DLX, Inc. v. Kentucky*, 381 F.3d 511 (6th Cir. 2004)

*F.D.I.C. v. Meyer*, 510 U.S. 471 (1994)

*Formula One Motors, Ltd. v. United States*, 777 F.2d 822 (2d Cir. 1985)

*Garnay, Inc. v. M/V Lindo Maersk*, 816 F. Supp. 888 (S.D.N.Y. 1993)

*Golden v. Gorno Bros., Inc.*, 410 F.3d 879 (6th Cir. 2005)

*GTE North, Inc. v. Strand*, 209 F.3d 909 (6th Cir. 2000)

*Jeanmarie v. United States*, 242 F.3d 600 (5th Cir. 2001)

*Johnson v. United States*, 642 F. Supp. 2d 1 (D.D.C. 2009)

*Kosak v. United States*, 465 U.S. 848 (1984)

*Lehman v. Nakshian*, 453 U.S. 156 (1981)

*Lippman v. City of Miami*, 622 F. Supp. 2d 1337 (S.D. Fl. 2008)

*Munaco v. United States*, 502 F. Supp. 2d 614 (E.D. Mich. 2007)

*Olaniyi v. District of Columbia*, Nos. 05-455 (RBW), 06-2165 (RBW), 2011 WL 339215 (D.D.C. Feb. 4, 2011)

*Premo v. United States*, 599 F.3d 540 (6th Cir. 2010)

*Schlaebitz v. U.S. Dep't of Justice*, 924 F.2d 193 (11th Cir. 1991)

*United States v. Mitchell*, 463 U.S. 206 (1983)

*United States v. One (1) 1972 Wood, 19 Foot Custom Boat, FL8443AY*, 501 F.2d 1327 (5th Cir. 1974)

**Statutes**

28 U.S.C. § 1346

28 U.S.C. § 2680

**Rules**

Fed. R. Civ. R. (12)(b)(1)

Fed. R. Civ. R. 10(c)

## I. INTRODUCTION

This is a property damage tort suit brought against the United States under the Federal Tort Claims Act ("FTCA"). Plaintiff is the purported owner of a vehicle that allegedly sustained damage while in the custody of the Federal Bureau of Investigation ("FBI") during a pending criminal investigation and prosecution. Plaintiff brings negligence and conversion claims to recover for the damage to the vehicle.

Congress, however, has not waived the United States' sovereign immunity for tort claims arising from the detention of goods by law enforcement officers. Indeed, such claims have been specifically excepted from the waiver of sovereign immunity under the FTCA. Because Congress has not waived the United States' immunity for the Court to entertain Plaintiff's claims, the above-captioned action must be dismissed for lack of subject matter jurisdiction.

## II. FACTUAL BACKGROUND[1]

On or about September 16, 2003, a 1995 Ferrari F50 (hereinafter, "the vehicle") was stolen from Algar Ferrari in Rosemont, Pennsylvania. (Compl. ¶ 11.) Algar Ferrari was an insured of Plaintiff. (Compl. ¶ 12; Administrative Claim p.3, attached to Compl. as Ex. 1.) Plaintiff determined that its liability for the Algar Ferrari claim was $630,000. (Administrative Claim p.3, attached to Compl. as Ex. 1.) On October 23, 2003, Plaintiff paid Algar Ferrari $625,000 and became the vehicle's legal owner. (*Id.*)

Approximately five years later, on August 12, 2008, the FBI located the vehicle and took it into custody in the course of a criminal investigation. (Compl. ¶ 14; Administrative Claim p.3,

---

[1] For purposes of this motion, the well-pleaded factual allegations appearing in Plaintiff's complaint and exhibits attached to the complaint are taken as true. *See DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *see also Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (court may consider complaint and any exhibits attached thereto in determining whether a motion to dismiss is proper).

1

attached to Compl. as Ex. 1.)  The FBI contacted Plaintiff and indicated that FBI would hold the vehicle as evidence as part of its ongoing investigation and the subsequent prosecution.  (Compl. ¶ 16; Administrative Claim p.3, attached to Compl. as Ex. 1.)  The FBI stored the vehicle in Lexington, Kentucky.  (Compl. ¶ 18.)

On May 27, 2009, the vehicle sustained damage while being driven by an FBI agent. (Compl. ¶¶ 19-21.)  The FBI notified Plaintiff of the damage and the FBI allowed Plaintiff to inspect the vehicle at the FBI's storage facility. (Compl. ¶ 27; Administrative Claim p.3, attached to Compl. as Ex. 1.)

Plaintiff submitted an administrative claim to the FBI dated July 15, 2009, seeking $750,000 in alleged property damage.  (Compl. ¶ 28.)  By letter dated March 10, 2010, the FBI denied Plaintiff's claim, explaining that it was barred by 28 U.S.C. § 2680(c).  (Compl. ¶ 29; Denial Letter, attached to Compl. as Ex. 2.)  Plaintiff requested that the FBI reconsider its prior denial.  (Compl. ¶ 30.)  On September 13, 2010, the FBI issued a final denial of Plaintiff's administrative claim.  (Compl.¶¶ 30-31.)  Plaintiff filed its complaint instituting the above-captioned action on March 4, 2011.  (Compl., Dkt. Entry #1.)

### III.  STANDARD OF REVIEW

A motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure may either challenge jurisdiction on the face of the complaint or may contest the factual basis for jurisdiction.  *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005).  Where defendant makes a facial challenge, the plaintiff must show that the complaint "alleges a claim under federal law, and that the claim is 'substantial.'"  *GTE North, Inc. v. Strand*, 209 F.3d 909, 915 (6th Cir. 2000) (quoting *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996)).  In deciding a facial challenge, the court is to take as true the well-pleaded factual

allegations appearing in plaintiff's complaint and exhibits thereto. *See DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *see also Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (court may consider the complaint and any exhibits attached to the complaint in determining whether a motion to dismiss is proper).

## IV.  ARGUMENT

**A.      Sovereign Immunity and the FTCA**

Plaintiff's claims must be dismissed because, as a matter of federal law, this Court lacks subject matter jurisdiction to adjudicate them since they squarely fall within the so-called detention-of-goods exception to the FTCA. It is axiomatic that sovereign immunity prevents suit against the United States without its consent. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The "limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Lehman v. Nakshian*, 453 U.S. 156, 161 (1981) (quoting *Soriano v. United States*, 352 U.S. 270, 276 (1957)). In interpreting a waiver of sovereign immunity, the court is to construe the waiver "strictly in favor of the sovereign . . . and not enlarge the waiver 'beyond what the language requires.'" *Premo v. United States*, 599 F.3d 540, 547 (6th Cir. 2010) (quoting *Library of Congress v. Shaw*, 478 U.S. 310, 318 (1986)). The United States' consent to be sued is a prerequisite for the court's subject matter jurisdiction. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).

The FTCA is a limited waiver of the United States' sovereign immunity, authorizing suit against the United States for some, but not all, tort claims. *See* 28 U.S.C. §§ 1346(b), 2680; *Richards v. United States*, 369 U.S. 1, 6 (1962). Generally, the FTCA permits "claims against

3

the United States, for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

Title 28 U.S.C. § 2680(c), however, provides that the FTCA's waiver of sovereign immunity does not apply to "[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer . . . ." This exception is commonly referred to as the "detention-of-goods" exception. Section 2680(c) "sweeps within the exception all injuries associated in any way with the 'detention' of goods." *Metz v. United States*, 788 F.2d 1528, 1533 (11th Cir. 1986) (quoting *Kosak v. United States*, 465 U.S. 848, 854 (1984)). The Supreme Court has interpreted the phrase "arising in respect of" broadly as covering "any claim 'arising out of' the detention of goods, [including] a claim resulting from negligent handling or storage of detained property." *Kosak*, 465 U.S. at 854. Further, the Supreme Court has construed the term "any other law enforcement officer" to broadly apply to all law enforcement officers, regardless of the type of law being enforced. *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 216, 220-21 (2008). The exception applies to bar suit against the United States and does not permit litigation over the reasonableness of the law enforcement officer's conduct in question. *Formula One Motors, Ltd. v. United States*, 777 F.2d 822, 824 (2d Cir. 1985) ("we see no basis for reading into section 2680(c) a limitation concerning the reasonableness of the agents' conduct in searching the detained property. The exemption serves to insulate the United States from litigation over precisely such issues."). A plaintiff can invoke the court's subject matter jurisdiction over the

United States in an FTCA action only if the allegations on the face of the complaint place its claims outside the scope of exceptions found in 28 U.S.C. § 2680. *See Carlyle v. United States*, 674 F.2d 554, 556 (6th Cir. 1982).

**B.    The Detention-of-Goods Exception Bars Plaintiff's Claims**

The gravamen of Plaintiff's claims is that the FBI negligently handled the vehicle while it was being detained. As discussed herein, Plaintiff's claims are outside the scope of the United States' waiver of sovereign immunity pursuant to the detention-of-goods exception and this Court therefore lacks subject matter jurisdiction to entertain Plaintiff's lawsuit.

**1.    Plaintiff's Claims Arise From the FBI's Detention of the Vehicle**

Plaintiff's negligence and conversion claims both arise out of the FBI's detention of the vehicle. The Supreme Court has made clear that "any claim arising in respect of the detention of goods means any claim arising out of the detention of goods, and includes a claim resulting from negligent handling or storage of detained property." *Kosak,* 465 U.S. at 854 (internal quotation marks omitted); *see also Cheney v. United States*, 972 F.2d 247, 248-49 (8th Cir. 1992) (holding that plaintiff's claims arose from detention of goods where federal agent released previously detained car title certificate to third party who subsequently took possession of, drove, and crashed the car); *Schlaebitz v. U.S. Dep't of Justice*, 924 F.2d 193, 194 (11th Cir. 1991) (holding that detention-of-goods exception barred claim where U.S. Marshall allegedly released plaintiff's luggage to someone other than plaintiff); *United States v. One (1) 1972 Wood, 19 Foot Custom Boat, FL8443AY*, 501 F.2d 1327, 1330 (5th Cir. 1974) (holding that detention-of-goods exception barred claims for damage to boat while it was in storage); *Johnson v. United States*, 642 F. Supp. 2d 1, 3 (D.D.C. 2009) (exception barred claim where property was confiscated and subsequently lost).

5

Claims "arise from" a detention even where the property is destroyed. *See Kosak*, 465 U.S. at 852, 854 (rejecting argument that the detention of goods exception does not apply to the negligent destruction of property); *Formula One Motors*, 777 F.2d at 824 (rejecting appellant's argument that detention-of-goods exception did not apply to a 1971 Mercedes Benz convertible that was destroyed by DEA agents while being detained and searched). Moreover, in considering the scope of what claims "arise out of" a detention, the Supreme Court expressly noted that section 2680(c) was not written to exclude claims for the negligent handling of motor vehicles. *See Kosak*, 465 U.S. at 855 (comparing the language of 2680(b) with 2680(c) and concluding that 2680(c) was written without the desire to exclude the negligent handling of motor vehicles from the reach of the detention-of-goods exception).

That Plaintiff alleges both negligence and conversion state law claims[2] does not somehow change the broad applicability of the exception, which applies to the negligence claims <u>and</u> intentional tort claims such as conversion. *See Jeanmarie v. United States*, 242 F.3d 600, 604-05 (5th Cir. 2001) (applying section 2680(c) to bar intentional tort claims); *Lippman v. City of Miami*, 622 F. Supp. 2d 1337, 1344 (S.D. Fl. 2008) (same); *Munaco v. United States*, 502 F. Supp. 2d 614, 619 (E.D. Mich. 2007) (finding that section 2680(c) applied to conversion claim). Thus, under the Supreme Court's broad interpretation of this exception, Plaintiff's claims arise from the FBI's detention of the vehicle.

### 2. FBI Agents Are Law Enforcement Officers under Section 2680(c)

FBI agents are "law enforcement officers" as contemplated by the detention of goods exception. The Supreme Court has definitively held that the detention-of-goods exception applies to law enforcement officers of any kind, irrespective of the functions they are

---

[2] The United States expressly reserves the right to challenge the sufficiency of Plaintiff's state law claims.

performing. *Ali*, 552 U.S. at 220-21 ("Congress intended to preserve immunity for claims arising from the detention of property, and there is no indication that Congress intended immunity for those claims to turn on the type of law being enforced.").[3] Courts have found that this exception applies to agents of the Bureau of Alcohol Tobacco, Firearms, and Explosives, *Endicott v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 338 F. Supp. 2d 1183, 1186 (W.D. Wash. 2004), Bureau of Prisons employees, *Ali*, 552 U.S. at 216, Immigration and Naturalization Service agents, *Halverson v. United States*, 972 F.2d 654, 656 (5th Cir. 1992), U.S. Marshals, *Schlaebitz*, 924 F.2d at 195, and a variety of other federal employees. Thus, as aptly put by the Southern District of New York, "it seems clear that FBI agents are law enforcement officers within the statute. If they are not, it is difficult to imagine who is." *Garnay, Inc. v. M/V Lindo Maersk*, 816 F. Supp. 888, 897 (S.D.N.Y. 1993), *aff'd without opinion*, 29 F.3d 621 (2d Cir. 1994); *see also Olaniyi v. District of Columbia*, Nos. 05-455 (RBW), 06-2165 (RBW), 2011 WL 339215, *12 (D.D.C. Feb. 4, 2011) (FBI agents are law enforcement officers); *Lippman*, 622 F. Supp. 2d at 1343 (same).

Plaintiff claims that the FBI retained custody of the vehicle, and that the vehicle was ultimately damaged by an FBI agent. In light of *Ali*, the type of functions that the FBI agents were performing is wholly irrelevant to the application of the detention-of-goods exception. *See Ali*, 552 U.S. at 220-21 (Congress did not intend for the detention of goods exception to turn on the type of law being enforced.) Because FBI agents are law enforcement officers, this aspect of the detention-of-goods exception is satisfied.

---

[3] In doing so, the Supreme Court overruled the Sixth Circuit's decision in *Kurinsky v. United States*, 33 F.3d 594 (6th Cir. 1994).

## V. **CONCLUSION**

For the aforementioned reasons, this Court lacks subject matter jurisdiction over the above-captioned action. Plaintiff's claims arise from the FBI's negligent handling and/or protection of the vehicle while the vehicle was being detained by FBI. The broad interpretation of the detention-of-goods exception, coupled with the necessity that the Court construe the United States' waiver of sovereign immunity strictly in favor of the sovereign, require a finding that the United States has not consented to this sort of suit and plaintiff has failed to state a claim under federal law. Accordingly, the United States respectfully requests that the above-captioned action be dismissed with prejudice.

        Respectfully submitted,

        TONY WEST
        Assistant Attorney General

        PHYLLIS J. PYLES
        Director, Torts Branch

        JAMES G. TOUHEY
        Assistant Director, Torts Branch

By:    */s Jamie L. Hoxie*_____
        JAMIE L. HOXIE
        Trial Attorney (NY Reg. No. 4671160)
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 888
        Benjamin Franklin Station
        Washington, D.C. 20044
        Telephone: (202) 616-1679
        Fax: (202) 616-5200
        Jamie.L.Hoxie@usdoj.gov

        ANDREW J. LIEVENSE (P68925)
        Assistant U.S. Attorney
        U.S. Attorney's Office
        211 West Fort Street, Suite 2001
        Detroit, MI 48226

        Telephone: (313) 226-9665
        Andrew.Lievense@usdoj.gov

**COUNSEL FOR DEFENDANT**
**UNITED STATES OF AMERICA**

**CERTIFICATE OF SERVICE**

  I hereby certify that on **May 9, 2011**, I electronically filed the foregoing paper with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Court and all parties.

                */s Jamie L. Hoxie*_____
                JAMIE L. HOXIE
                Trial Attorney (NY Reg. No. 4671160)
                Torts Branch, Civil Division
                U.S. Department of Justice
                P.O. Box 888
                Benjamin Franklin Station
                Washington, D.C. 20044
                Telephone: (202) 616-1679
                Fax: (202) 616-5200
                Jamie.L.Hoxie@usdoj.gov